UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DANIEL R. BASHAM and CAROLE BASHAM,

    Plaintiffs,

v.

PACIFIC FUNDING GROUP, a California business entity, form unknown, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a California corporation, WELLS FARGO HOME MORTGAGE, INC., a California corporation dba AMERICA'S SERVICE COMPANY, CITIBANK N.A. AS INDENTURE TRUSTEE FOR BSARM 2007-2, a business entity, form unknown, NDEX WEST, L.L.C., a Delaware corporation, and DOES 1-100, inclusive,

    Defendants.

NO. CIV. 2:10-96 WBS GGH

<u>ORDER RE: PRELIMINARY INJUNCTION</u>

----oo0oo----

    On January 14, 2010, the court issued a Temporary

1

Restraining Order preventing defendants from foreclosing on plaintiffs' property and an Order to Show Cause on the issuance of a preliminary injunction.  (Docket No. 12.)  None of the defendants responded to the court's Order to Show Cause or attended the hearing on plaintiffs' motion for a preliminary injunction on January 25, 2010.  At that hearing, plaintiffs' counsel represented to the court that he provided defendants notice of the hearing by faxing a copy of the Complaint and the court's Temporary Restraining Order and Order to Show Cause to each defendants' agent of process upon receipt of the court's Temporary Restraining Order.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., --- U.S. ----, 129 S. Ct. 365, 374 (2008).  "Plaintiffs seeking preliminary relief [must] . . . demonstrate that irreparable injury is *likely* in the absence of an injunction."  Id. at 375 (emphasis in original).

From a reading of the Complaint, assuming all facts alleged therein to be true, plaintiffs appear likely to succeed at least on their wrongful foreclosure claim.  In this claim plaintiffs contend, among other things, that defendants failed to

2

1 | comply with the communication requirements set forth in
2 | California Civil Code section 2923.5.  Section 2923.5(a)(2)
3 | requires a "mortgagee, beneficiary or authorized agent" to
4 | "contact the borrower in person or by telephone in order to
5 | assess the borrower's financial situation and explore options for
6 | the borrower to avoid foreclosure."  Section 2923.5(b) requires a
7 | default notice to include a declaration "from the mortgagee,
8 | beneficiary, or authorized agent" of compliance with section
9 | 2923.5, including attempt "with due diligence to contact the
10 | borrower as required by this section."  Plaintiffs allege that no
11 | one attempted to contact them to discuss options to pay their
12 | loan or assess their financial situation before foreclosure and
13 | that defendants therefore violated section 2923.5(b).  (Compl. ¶¶
14 | 34-39.)  Accordingly, plaintiffs' unrebutted contention that
15 | defendants did not comply with section 2923.5(b) demonstrates
16 | that plaintiffs thus far are likely to succeed on the merits of
17 | their wrongful foreclosure claim.

18 |         Plaintiffs have also shown that they will likely suffer
19 | irreparable harm in the absence of preliminary injunctive relief.
20 | Foreclosure upon a plaintiff's home is an irreparable injury:
21 | plaintiffs would permanently lose their home and right to rescind
22 | the mortgage.  See Chetal v. American Home Mortg., No. C 09-02727
23 | CRB, 2009 WL 2612312, at *2 (N.D. Cal. Aug. 24, 2009) (citing
24 | Cottonwood Christian Ctr. v. Cypress Redevelopment Agency, 218 F.
25 | Supp. 2d 1203, 1230 (C.D. Cal. 2002); Edejer v. DHI Mortg. Co.,
26 | No. C 09-1203 PJH, 2009 WL 1684714, at *5 (N.D. Cal. Jun. 12,
27 | 2009)).  Defendants have noticed a foreclosure sale of
28 | plaintiffs' home and have indicated their desire to foreclosure

3

upon the property, making this irreparable harm likely without injunctive relief.

The balance of equities also tips in plaintiffs' favor. Plaintiffs stand to lose their home forever, whereas if an injunction were granted defendants would only be delayed in earning income from an investment. The public interest also favors preventing individuals from losing their homes based on wrongful foreclosures, given the adverse impact that foreclosures have on households and communities. Accordingly, plaintiffs have satisfied their burden and shown good cause as to why a preliminary injunction ought be issued.

IT IS THEREFORE ORDERED that the temporary restraining order heretofore issued in this matter, having expired, be, and the same hereby is, VACATED AND SET ASIDE.

AND IT IS FURTHER ORDERED that defendants Mortgage Electronic Registration Systems, Inc., Wells Fargo Home Mortgage, Inc., a California corporation dba America's Service Company, Citibank N.A. as Indenture Trustee for BSARM 2007-2, and NDEX West, L.L.C., their agents, servants, employees, representatives, and all persons acting in concert or participating with them, are preliminarily enjoined and restrained during the pendency of this action from selling, transferring, conveying, foreclosing upon, evicting, or any other conduct adverse to plaintiffs regarding the real property located at 110 Bewicks Circle, Sacramento, California, 95834.

This preliminary injunction shall not become operative or have any effect unless and until plaintiffs file proof of the posting of a secured bond in the sum of $10,000.00 pursuant to

1 | Federal Rule of Civil Procedure 65(c).
2 |         The court reserves jurisdiction to modify this
3 | injunction, upon the application of any party, as the ends of
4 | justice may require.
5 |         IT IS SO ORDERED.
6 | DATED:  January 25, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE