UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DANIEL R. BASHAM and CAROLE BASHAM, | NO. CIV. 2:10-96 WBS GGH |
| Plaintiffs, | MEMORANDUM AND ORDER RE: ORDER TO SHOW CAUSE AND DISMISSAL OF ACTION |
| v. | |
| PACIFIC FUNDING GROUP, a California business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; WELLS FARGO HOME MORTGAGE, INC., a California corporation, dba AMERICA'S SERVICE COMPANY; CITIBANK N.A. AS INDENTURE TRUSTEE FOR BSARM 2007-2, a business entity, form unknown; NDEX WEST, L.L.C., a Delaware corporation; and DOES 1-100, inclusive, | |
| Defendants. | |

----oo0oo----

In their initial Complaint filed on January 13, 2010, plaintiffs Daniel R. Basham and Carole Basham alleged violations

1

of the Truth in Lending Act, §§ 1601-1667f, and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, along with various state law claims. (Docket No. 2.) After plaintiffs amended their Complaint (Docket No. 34), the court granted defendant Wells Fargo Home Mortgage, Inc. dba America's Service Company's ("ASC") motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 49.)

Plaintiffs then filed a Second Amended Complaint ("SAC") that abandoned their federal claims against all defendants and asserted only state law claims for negligence per se, negligence, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. (Docket No. 51.) On September 21, 2010, the court ordered the parties to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1367(c) in light of plaintiffs' abandonment of the federal claims in the SAC. (Docket No. 64.) Plaintiffs and ASC have filed briefs arguing against dismissal. The other defendants, Pacific Funding Group, Mortgage Electronic Registration Systems, Inc., Citibank N.A. as Indenture Trustee for BSARM 2007-2 ("Citibank"), and NDEX West, LLC, have not responded to the Order to show cause.

Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts also have "supplemental jurisdiction over all other claims that are so related to claims in the action

2

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).

Judicial economy, fairness, convenience, and comity inform a court in deciding whether to decline to exercise supplemental jurisdiction. Acri, 114 F.3d at 1001. The Supreme Court has stated that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

The balance of factors in this case weighs toward declining to exercise supplemental jurisdiction. Comity weighs in favor of declining jurisdiction because all the claims in the SAC are state law claims. The state court is equally competent to hear the state law claims and may have a better understanding of the relevant state law.

This action is still in the early stages. The court has not issued a Status (Pretrial Scheduling) Order and has not decided ASC and Citibank's motion to dismiss the SAC. Judicial

3

economy does not point toward exercising jurisdiction.

Lastly, convenience and fairness do not weigh in favor of exercising jurisdiction.  The state and federal fora are equally convenient for the parties.  There is no reason to doubt that the state court will provide an equally fair adjudication of the SAC.  Accordingly, the court will decline to exercise supplemental jurisdiction.

IT IS THEREFORE ORDERED that plaintiffs' Second Amended Complaint be, and the same hereby is, DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1367(c).

DATED: October 8, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE